UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL JOE FRANSCOVIAK,

    Petitioner,

    v.

SHERIFF,

    Respondent.

CAUSE NO. 3:18CV920-PPS/MGG

OPINION AND ORDER

Petitioner, Michael Joe Franscoviak, a pretrial detainee confined at the Pulaski County Jail, filed an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to challenge his pretrial detention as illegal and unlawful. ECF 9. He is being detained pending the outcome of two separate criminal matters. On June 2, 2016, following a search of his residence and outbuilding, he was arrested and charged in cause number 66C01-1606-F4-000002 with unlawful possession of a firearm, various drug crimes, neglect of a dependent, and taking a minor to a nuisance. ECF 9 at 7–8; ECF 9-1 at 58. Jury selection for Franscoviak's criminal trial in that case began on August 7, 2018, but the state court judge declared a mistrial the following day before the jury was empaneled. ECF 9 at 9–10; ECF 9-1 at 71–72. The jury trial was reset to September 3–5, 2019, with a hearing for a possible guilty plea set for September 18, 2018. *Id.* Franscoviak claims he was unaware of the new dates. ECF 9 at 10. As a result, he failed to appear for the plea hearing, and the state court judge issued a bench warrant for his arrest. ECF 9-1 at 1, 72–73.

On October 4, 2018, Franscoviak was arrested pursuant to that warrant, and—due to the circumstances surrounding the arrest—he was charged in cause number 66D01-1810-F6-000118 with battery against a public safety official, resisting law enforcement, and two new drug charges. ECF 9 at 10–11; ECF 9-1 at 2–8, 21-22, 73. Following Franscoviak's motion for a speedy trial, the matter was set for a jury trial scheduled to begin on November 29, 2018. ECF 9 at 12; ECF 9-1 at 23. However, the state court judge subsequently questioned whether Franscoviak was competent to represent himself as he had requested, and she vacated the trial and ordered a psychological evaluation. *Id.*; ECF 9-1 at 25–27. On December 26, 2018, Franscoviak filed another motion for speedy trial pursuant to Indiana Criminal Rule 4, demanding immediate commencement of the trial or discharge. *Id.*; ECF 9-1 at 27–28, 38–39. The charges against Franscoviak in both cause numbers remain pending.[1]

Franscoviak's petition raises twelve grounds, several of which are intertwined. I summarily reject Grounds One and Nine through Twelve because they sound in sovereign citizen theory, which courts have repeatedly characterized as legally frivolous with no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). In the remaining grounds, Franscoviak complains that the warrants leading to his initial arrest were invalid, that the circumstances surrounding both of his arrests were unconstitutional, that he was prejudiced by the declaration of a

---

[1] *See State v. Michael J. Franscoviak*, cause number 66C01-1606-F4-000002 and cause number 66D01-1810-F6-000118 (last accessed on June 17, 2019, via Doxpop at https://www.doxpop.com/prod/in).

2

mistrial, and that he is being held in violation of his speedy trial rights. He asks to be released from custody immediately.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha Cty.*, 48 F.Supp.2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)).

An exception is made for claims that would become moot if not immediately addressed by the federal court prior to a state conviction. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Two recognized exceptions are speedy trial and double jeopardy claims. *Id*. However, even if one of these exceptions is presented in a section 2241 petition, federal courts have determined that it is appropriate to require pretrial detainees to first "exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991); *see also Gonzalez v. O'Connell*, 355

F.3d 1010, 1015-16 (7th Cir. 2004) (noting that discretionary, judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute).

I find that the bulk of Franscoviak's claims do not fall within the scope of any exception. In Grounds Two through Four, Franscoviak argues that he should be released because law enforcement did not have probable cause to search his property, because the warrants leading to his initial arrest contained forged signatures, and because the evidence collected should have been suppressed. In Ground Six, Franscoviak complains that police entered his home on the sole basis of a bench warrant for failure to appear, which did not provide a valid basis for the resultant search. However, these are not the type of claims that would become moot if not addressed prior to a state conviction. To the contrary, these issues are commonly litigated before and during trial in state criminal proceedings and remain viable through appeal. *See Evans v. Cir. Ct. of Cook Cty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009) (no need for pretrial federal intervention until all claims "have been presented to the state judiciary and pursued through the usual appellate process after a final decision"); *U. S. ex rel. Par. v. Elrod*, 589 F.2d 327, 328–29 (7th Cir. 1979) (finding that petitioner's challenge to warrantless arrest was premature "[u]ntil the completion of a trial" when the state appellate and supreme courts will have had "a fair opportunity to consider the merits of his federal claims"); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) (allowing pretrial habeas relief on a claim of insufficient charging documents would "turn the writ of habeas corpus into a pretrial-motion forum for prisoners and cause the derailment of pending state proceedings by attempting to litigate affirmative

4

constitutional defenses prematurely in federal court.") (internal quotation marks, ellipses, brackets, and parentheses omitted). Franscoviak has presented no reason why I should adjudicate these claims now.[2]

In Grounds Seven and Eight, Franscoviak raises concerns regarding alleged speedy trial violations. While speedy trial claims are recognized as an exception to the general rule against abstention, a petitioner seeking relief from a federal court must first exhaust administrative remedies with the state. Although the exhaustion requirement is "not onerous" when it comes to speedy trial issues, *Castor*, 937 F.2d at 297, a petitioner must offer the state courts a full "opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973). In Indiana, defendants may seek discretionary interlocutory appeals to address speedy trial violations. *Curtis v. State*, 948 N.E.2d 1143, 1147–48 (Ind. 2011); *see also Dillard v. State*, 102 N.E.3d 310, 312 (Ind. Ct. App. 2018). When doing so, any statutory claims under Indiana Criminal Rule 4 must be asserted "separately and distinctly" from either state or federal constitutional claims which are more complex. *Curtis*, 948 N.E.2d at 1147 n.3 (citing *State v. Moles*, 337 N.E. 2d 543, 552 (Ind. App. 1975)).

The documents filed by Franscoviak in the instant case indicate, at most, that he has raised statutory speedy trial claims before the trial courts. *See* ECF 4 at 2

---

[2] Franscoviak also argues that law enforcement used excessive force during both of his arrests, but these types of claims are more suited to civil rights actions than habeas petitions. Indeed, Franscoviak has raised a separate excessive force claim related to his arrest on October 4, 2018. *See Franscoviak v. Barton, et al.*, cause number 3:18-CV-920-PPS-MGG.

(referencing the 70-day timeframe for commencement of trial consistent with Indiana Criminal Rule 4); ECF 9-1 at 23, 28 (chronological case summary noting the filing of pro se motions for a fast and speedy trial); *Id.* at 38-39 (pro se motion referencing Indiana Criminal Rule 4 and requesting discharge of the charges). However, nothing in the record suggests that he has presented a constitutional speedy trial claim to any state court, "much less before successive reviewing tribunals, in a way that might be necessary for exhaustion." *Castor*, 937 F.2d at 297. In fact, I have reviewed the state court docket sheets, and they reflect that, to date, Franscoviak has not sought an interlocutory appeal for any sort of speedy trial issue in either of his cases.[3] Moreover, Franscoviak has not presented any exceptional circumstances that would make abstention inappropriate. *Id.; see also Olsson v. Curran*, 328 Fed. Appx. 334, 335 (7th Cir. 2009) (holding dismissal to be appropriate where petitioner had not exhausted his speedy trial claims through state court remedies); *Tran v. Bartow*, 210 Fed. Appx. 538, 540 (7th Cir. 2006) (finding § 2241 petition was properly dismissed for failure to exhaust where

---

[3] The alleged speedy trial issues remain pending before the trial courts. In cause number 66D01-1810-F6-000118, Franscoviak filed two pro se motions for speedy trial in late 2018. As noted above, the state court judge vacated the original trial setting of November 29, 2018, in order to evaluate Franscoviak's competency and ability to represent himself. On January 16, 2019, the state court judge appointed a public defender at Franscoviak's request. Recently, after receiving notice that several physicians were unable to accept the original evaluation assignments, the judge ordered two new physicians to conduct psychiatric evaluations "as soon as possible." In cause number 66C01-1606-F4-000002, Franscoviak has filed various pro se letters and motions since his re-arrest in October of 2018. However, the state court judge referred those filings to his attorney for "action deemed appropriate." Franscoviak requested new counsel in January of 2019, and the matter of counsel is currently set to be addressed at a hearing on June 25, 2019. *See State v. Michael J. Franscoviak*, cause number 66C01-1606-F4-000002 and cause number 66D01-1810-F6-000118 (last accessed on June 17, 2019, via Doxpop at https://www.doxpop.com/prod/in).

the petitioner could have, but did not, present his claims to the Wisconsin courts by obtaining a ruling on his motion and then seeking a discretionary appeal).

Finally, in Ground Five, Franscoviak complains that he was prejudiced when the state court judge declared a mistrial in cause number 66C01-1606-F4-000002 on August 8, 2018, and re-set his trial for September of 2019. I will liberally construe Franscoviak's petition as raising a claim of double jeopardy, which can be classified as a recognized exception to the rule prohibiting pretrial federal intervention. That said, as with his speedy trial claims, the record reflects that Franscoviak has not exhausted his state court remedies with regard to the double jeopardy issue.[4] *See e.g. Castor*, 937 F.2d at 297.

Moreover, even if Franscoviak had exhausted his remedies, I would deny his claim on the merits. It is true that the Fifth Amendment "prohibits the State from placing a defendant in jeopardy twice for the same offense." *Jackson v. State*, 925 N.E.2d 369, 372 (Ind. 2010). However, under both the Indiana and Federal Constitutions, jeopardy does not attach in a criminal trial until a jury has been selected and sworn. *Id.* at 373 (citing *Crim v. State*, 294 N.E.2d 822, 828 (Ind. App. 1973)). Here, Franscoviak states that only eight jurors were selected on August 7, 2018, and court resumed the next morning "to seat the rest of the jury and begin trial." ECF 9 at 9. Before that occurred, the parties had off-the-record discussions regarding a possible plea—to which

---

[4] *See State v. Michael J. Franscoviak*, cause number 66C01-1606-F4-000002 (last accessed on June 17, 2019, via Doxpop at https://www.doxpop.com/prod/in).

7

Franscoviak objected—and then proceeded into the courtroom where the judge told the jurors he was declaring a mistrial. *Id*. The state court chronological case summary confirms this version of events:

> The Court instructed the Jury Bailiff on August 7, 2018, to call an additional 23 prospective jurors to report this date for a continuation of jury selection, and the 23 additional prospective jurors now appear. The Jury Bailiff escorts the seated prospective jurors into the courtroom and they are seated into the jury box. The Court admonishes the seated prospective jurors, and the additional jury panel members that the Court has declared a Mistrial in this case, and the seated prospective jurors, and the additional 23 panel members are hereby discharged and released.

*See State vs. Michael J. Franscoviak*, cause number 66C01-1606-F4-000002 (last accessed on June 17, 2019, via Doxpop at https://www.doxpop.com/prod/in). Thus, a jury was not empaneled, and it is clear that jeopardy did not attach in Franscoviak's case. His claim is without merit even if it had been exhausted.

So, because Franscoviak's petition does not raise any claim sufficient to warrant enjoining the state court proceedings at this time, I will not grant him habeas corpus relief. To do so would disrupt the ongoing state criminal proceedings and violate principles of comity. The Indiana courts, not the federal courts, should have the first opportunity to adjudicate Franscoviak's claims concerning his state criminal proceedings. This dismissal, however, will be without prejudice to Franscoviak's right to file a new petition once his state court remedies have been fully exhausted.

ACCORDINGLY, this petition is DISMISSED without prejudice.

SO ORDERED on June 19, 2019.

/s/ Philip P. Simon  
JUDGE